1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN MARC VAN DEN HEUVEL, | No. 2:19-cv-1981-MCE-EFB PS |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| CALIFORNIA SUPERIOR COURT JUDGES KENNETH J. MELIKIAN, WARREN C. STRANCENER, THOMAS A. SMITH, VICKI ASHWORTH, JAME PENSE, MARK A. RALPHS, | |
| Defendants. | |

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1] His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines that the allegation of poverty is untrue, or that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint must be dismissed for failure to state a claim.

/////

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); see also Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."  *Id.* (citations omitted).  Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Plaintiff's complaint, which consists largely of unintelligible legal conclusions, purports to allege claims under 42 U.S.C. § 1983 against five El Dorado County Superior Court judges— Judge Kenneth Melikian, Judge Warren Strancener, Judge Thomas Smith, Judge Vicki Ashworth, Judge Jamie Pesce, and Judge Mark A. Ralph.  Liberally construed, the complaint seeks to challenge various orders in multiple state court proceedings, including a criminal case and an unlawful detainer action.  ECF No. 1.  For instance, plaintiff alleges Judge Strancener issued orders in an unlawful detainer case that resulted in plaintiff losing his property.  *Id.* at 4.  Plaintiff also vaguely asserts without meaningful explanation that the defendants ignored their ethical

1    obligations, and that their "ignorant judicial practices" caused plaintiff to become homeless. *Id*.

2    Plaintiff further alleges that he was sentenced to six-month in county jail, and that his sentence

3    somehow demonstrates shameful behavior by El Dorado County Superior Court judges. *Id*.

4    Plaintiff also appears to claim that his conviction was based on false testimony and unverified

5    allegations. *Id*. at 4-5.

6        Whatever federally protected rights plaintiff claims that he was denied by these

7    defendants, they are not identified in the complaint.  But assuming he is attempting to assert that

8    they violated his rights under one or more specific constitutional provisions during the course of

9    state court proceedings before them involving plaintiff, it is apparent plaintiff cannot maintain his

10    claims.  The defendants, all state judges, "are absolutely immune from damage actions for judicial

11    acts taken within the jurisdiction of their courts . . . A judge loses absolute immunity only when

12    [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in

13    nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam).  Plaintiff does

14    not allege facts showing that the defendants acted in the absence of jurisdiction, nor does he claim

15    they acted outside their official capacity.  Instead, the complaint's allegations simply reflect

16    plaintiff's dissatisfaction with defendants' orders and their handling of his cases.

17        For these reasons plaintiff's complaint must be dismissed for failure to state a claim.

18    Furthermore, given defendants' immunity from suit, granting leave to amend would be futile.

19    Consequently, it is recommended that the dismissal be without leave to amend. *See Noll v.*

20    *Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (while the court ordinarily would permit a pro se

21    plaintiff to amend, leave to amend should not be granted where it appears amendment would be

22    futile).

23        Accordingly, it is hereby ORDERED that plaintiff's request for leave to proceed *in forma*

24    *pauperis* (ECF No. 2) be granted.

25        Further, it is RECOMMENDED that plaintiff's complaint be dismissed without leave to

26    amend, and the Clerk be directed to close the case.

27        These findings and recommendations are submitted to the United States District Judge

28    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 6, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE